**STATE of Missouri, Respondent,**

v.

**Marshall Lee BROWN, Appellant.**

**No. 35811.**

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 3, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, Jos. F. Beatty, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Judge.

A jury found defendant guilty on three counts: robbery in the first degree by means of a dangerous and deadly weapon, assault with intent to kill with malice, and operating a motor vehicle without the owner's consent. Given proof of a prior felony, the court assessed consecutive sentences of twenty years, twenty years, and five years for the respective offenses. Section 546.480, RSMo 1969, V.A.M.S.

Defendant contends the compulsory consecutive sentencing punishes him for exercising his right to trial by jury. He argues if he had pleaded guilty, the court would have imposed concurrent rather than consecutive prison terms. He submits his constitutional right to a jury trial is chilled by the prospect of facing consecutive sentences.

The Missouri Supreme Court recently ruled this issue adversely to a defendant. State v. Neal, 514 S.W.2d 544 (1974). The court said: "There is no authority for appellant's proposition that if he had pleaded guilty as charged instead of going to trial that the court would take his guilty plea on Count I and sentence him on that plea prior to taking his guilty plea on Count II and pronouncing sentence on that count and so on. Only in such circumstances could the court exercise the discretion to order the sentences to run concurrently. Appellant's assertion that had he pleaded guilty he would have received the

benefit of such an exercise of discretion is pure speculation and conjecture." *Id.* at page 549. See also State v. Kennedy, 513 S.W.2d 697 [8] (Mo.App.1974).

The *Neal* decision controls the issue raised here. Accordingly, the judgment is affirmed.

DOWD, C. J., and WEIER and REND-LEN, JJ., concur.